IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $10,641.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **COMPLAINT IN FORFEITURE** |

NOW COMES Plaintiff, the United States of America, by David M. Toepfer, United States Attorney for the Northern District of Ohio, and Jason M. Katz, Assistant U.S. Attorney, and files this Complaint in Forfeiture, alleging, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, as follows:

**JURISDICTION AND INTRODUCTION**

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C. Section 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. Section 881(a)(6).

2. This Court has *in rem* jurisdiction over the defendant currency: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this District; and (ii) pursuant to 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395,

because the action accrued in this District. This Court will have control over the defendant currency through service of an arrest warrant *in rem*, which the U.S. Marshals Service will execute upon the defendant currency. *See* Supplemental Rules G(3)(b) and G(3)(c).

3. Venue is proper in this district: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this District; and (ii) pursuant to 28 U.S.C. Section 1395 because the action accrued in this District.

4. On or about May 8, 2026, Defendant $10,641.00 in U.S. Currency was seized in Fremont, Ohio, from the floorboard of a vehicle wherein ISAIAH ALDRICH had purchased cocaine from a cooperating individual, and the defendant currency is now in the custody of the federal government.

5. Subsequent to the seizure, the Drug Enforcement Administration (DEA) commenced an administrative forfeiture proceeding against the defendant currency. A claim to the defendant currency was submitted by ALDRICH in the administrative forfeiture proceeding, thereby requiring the filing of this judicial forfeiture action.

6. Defendant $10,641.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds from illegal drug distribution activities, and/or was used – or was intended to be used – in exchange for illegal controlled substances, and/or was used – or was intended to be used – to facilitate illegal drug distribution activities.

**FORFEITURE**

7. In February 2026, a DEA confidential source (CS) advised law enforcement that ALDRICH sold large quantities of cocaine and fentanyl in Fremont, Ohio. The CS further told law enforcement that he/she had purchased large cocaine quantities from ALDRICH in the past

year and believed that he/she could continue to buy kilogram quantities of cocaine from ALDRICH.

8. On May 8, 2026, a separate individual (the DEA Cooperator) admitted that he/she was scheduled, later that day, to sell a half kilogram of cocaine to ALDRICH for approximately $9,500. The DEA Cooperator agreed to assist the DEA by participating in a controlled delivery of cocaine to ALDRICH.

9. That night, at about 9:40 p.m., ALDRICH called the DEA Cooperator and inquired where the cooperator was and if the cooperator was ready to meet. The pair agreed to meet at their usual location, which was near a particular address in Fremont, Ohio. Prior to their meeting, law enforcement searched the DEA Cooperator and his/her car, to ensure that each did not have any money or drugs except the cocaine that the DEA had given to the DEA Cooperator for use in the controlled delivery.

10. As part of that controlled delivery, DEA officers established surveillance outside of ALDRICH's apartment in Fremont, Ohio. While surveilling, law enforcement saw ALDRICH exit his apartment, enter his white Ford Fusion, and then drive it away. Law enforcement followed ALDRICH as he drove to the meet location and parked a few houses in front of the DEA Cooperator.

11. Surveilling law enforcement then watched ALDRICH exit his parked car, walk to the DEA Cooperator's vehicle, and enter that vehicle on its passenger side. ALDRICH then placed on his lap the package that contained the DEA-provided cocaine on his lap. ALDRICH opened the package, smelled the cocaine, and put a small amount near his mouth. ALDRICH then nodded his head in approval. Moments later, ALDRICH removed a large amount of currency from a Ziploc bag that ALDRICH had on his person and began counting out the money.

12. Law enforcement then approached the DEA Cooperator's car and secured ALDRICH. In the DEA Cooperator's car, law enforcement seized the DEA-provided cocaine, as well as the Defendant $10,641.00 in U.S. Currency, which was on the passenger floorboard.

13. During a post-*Miranda* interview, ALDRICH admitted that he had been purchasing half a kilogram of cocaine from the DEA Cooperator for $10,000.00 when he was arrested. ALDRICH also admitted to selling cocaine since he was a teenager. He estimated that, over the last two-to-three years, he had purchased over 20 kilograms of cocaine from his supplier in Los Angeles, California, sometimes buying three or four kilograms at a time.

14. A subsequent record check determined that Sandusky County, Ohio, Prosecutor's Office had charged ALDRICH, in *State of Ohio v. Isaiah Aldrich*, Sandusky County, Ohio, Court of Common Pleas, Case No. 25CR257, with and convicted of Improperly Handling Firearms in a Motor Vehicle, a felony of the fifth degree. Additionally, the Sandusky County Prosecutor's Office had charged ALDRICH, in *State of Ohio v. Isaiah Aldrich*, Sandusky County, Ohio, Court of Common Pleas, Case No. 25CR699, with (1) Aggravated Possession of Drugs, a felony of the fifth degree; (2) Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse or a Combination of Them – OVI, a misdemeanor of the first degree; and (3) Operating a Vehicle while Under the Influence of a Listed Controlled Substance or a Listed Metabolite of a Controlled Substance – OVI, a misdemeanor of the first degree; ALDRICH was later convicted of Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse or a Combination of Them – OVI, a misdemeanor of the first degree.

## CONCLUSION

By reason of the foregoing, Defendant $10,641.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used – or was intended to be used – in exchange for illegal controlled substances, and/or was used – or was intended to be used – to facilitate illegal drug trafficking activities.

WHEREFORE, plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant currency and forfeiting it to the United States and providing that the defendant currency be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney
Northern District of Ohio

By: ______________________________
Jason M. Katz (OH: 0076104)
Assistant United States Attorney
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
216.622.3844
Fax: 216.522.7499
Jason.Katz@usdoj.gov

**VERIFICATION**

STATE OF OHIO )
) SS.
COUNTY OF CUYAHOGA )

I, Jason M. Katz, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

Jason M. Katz (OH: 0076104)
Assistant United States Attorney

Sworn to and subscribed in my presence this 24th day of September, 2026.

Notary Public

NOTARY PUBLIC STATE OF OHIO

ANNA J DUDAS
Notary Public
State of Ohio
My Comm. Expires
December 5, 2026